IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| TAREEQ MUHAMMAD AKBAR #255438 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-352 |
| | § | |
| BILL REED | § | |

## REPORT AND RECOMMENDATION

Plaintiff Tareeq Akbar, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983.  Having reviewed Plaintiff's Complaint and Answers to Interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2).  A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989);  *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2).  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

In this case, Plaintiff alleges that his civil rights were violated by Assistant District Attorney Bill Reed.  Specifically, Plaintiff asserts that during his arraignment before the Magistrate, Reed charged Plaintiff with unlawful possession of a firearm by a felon, in violation of Plaintiff's community supervision terms.  Plaintiff also complains of various other procedural errors allegedly made by Reed during the proceeding.  As a result of Reed's alleged violations, Plaintiff was charged with revocation of community supervision and returned to prison for eight years.

Plaintiff's claim ultimately rests on the contention that Reed acted in his capacity as a state prosecutor and presented the State's case.  Assistant district attorneys are absolutely immune in a civil rights suit for any action taken in preparing for the initiation of judicial proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976);  *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).     Without absolute immunity, the threat of Section 1983 liability would undermine the performance of a prosecutor's duty to exercise his best judgment in deciding which suits to bring and in conducting them in court.  *Imbler,* 424 U.S. at 424-25.  Reed is absolutely immune to Plaintiff's claims.

For the foregoing reason, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED with prejudice for failure to state a claim upon which relief can be granted, and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **February 6, 2006** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  Failure to file written objections within the prescribed time shall bar an aggrieved

party from attacking on appeal the proposed factual findings and legal conclusions accepted by the

District Judge, except upon grounds of plain error.

       **DONE** at Galveston, Texas, this the _____18th_____ day of January, 2006.

John R. Froeschner
United States Magistrate Judge